NORTHRUP v. GRAY.

Settlement—Impeachment—Laches.

Where G. made a settlement with N., and gave him a note for the amount due him on the basis that a certain mortgage belonged to N., he cannot, 30 years afterwards, during which time there has been another settlement on the same basis, and N. has died, claim that the mortgage belonged to him, and that he should have had credit therefor on the note.

Appeal from Newaygo; Edwards, J. Submitted January 12, 1900. Decided February 20, 1900.

Bill by Nelson W. Northrup against Edgar L. Gray and wife to foreclose a mortgage. From a decree for complainant, defendants appeal. Affirmed.

*W. D. Fuller*, for complainant.

*Edgar L. Gray* (*A. F. Tibbitts*, of counsel), for defendants.

Grant, J. This is a bill to foreclose a mortgage for $1,400, given by defendants to complainant on June 12, 1894, the last payment of which was due November 1, 1895. The defendants appeared by defendant Edgar L. Gray as their solicitor; were defaulted for want of answer; stipulated the amount due for principal, interest, and the taxes which defendants had failed to pay; and consented to a decree, which was duly entered October 5, 1896, and was duly enrolled. October 21, 1897, the premises were

advertised for sale, which was twice adjourned at the request of the defendants. On January 12, 1898, defendant Edgar L. Gray filed a petition asking to have the decree opened, and that he be permitted to answer, setting forth that on June 16, 1870, he was entitled to a credit of $330 upon a promissory note for $3,086.33, dated April 20, 1868, and given by him to Dr. Daniel W. Northrup, the father-in-law of complainant. The court granted the prayer of the petition. An answer was filed. The case was heard upon pleadings and proofs taken in open court, and decree entered for complainant for the full amount claimed, including the $330.

Upon the death of Dr. Northrup, Mr. Gray's note became the property of complainant's wife, and he has since been her agent in the transaction. About the time the mortgage was given, Gray applied to complainant for a loan of money. It was then agreed that the amount due upon the note should be included, and a note and mortgage given to complainant to secure the amount due Mrs. Northrup and the loan made by complainant to Gray. Prior to 1868, Mr. Gray had acted as agent for Dr. Northrup, who lived in Connecticut, in loaning money. On April 20, 1868, at Newaygo, Mich., Mr. Gray and Dr. Northrup had a settlement. Upon that settlement $977.66 was agreed upon as due to Dr. Northrup. The loans made by Gray for Dr. Northrup constituted the balance of the consideration for the note. Dr. Northrup gave Mr. Gray a receipt and agreement, which is also signed by Mr. Gray, for all notes, mortgages, and evidences of debt (excepting two, which were mentioned). The agreement also provided: "Said notes are to be paid over to D. W. Northrup when called for, or handed to him when called for; and I hereby agree to assign said mortgages to said Gray whenever he desires, having received full satisfaction for the same." Dr. Northrup died in 1872. Various payments were made by Gray, both before and after Dr. Northrup's death. Complainant furnished Gray a copy of this note with the

indorsements of payments made thereon. A settlement was again had, and $700 found to be due thereon, which was included in the note and mortgage to complainant. Dr. Northrup owned a piece of land, which was sold to one Murray for $600, $300 of the purchase price being secured by a note and mortgage. This mortgage was paid to Dr. Northrup on May 15, 1871. After the expiration of nearly 30 years, after making two settlements, and after the lips of Dr. Northrup are sealed by death, defendants now seek to establish the fact that this mortgage belonged to Gray, and that he should have had credit for it upon the note of 1868. We deem it unnecessary to enter into further detail. We think the court reached the correct conclusion.

Decree is affirmed, with costs.

The other Justices concurred.